

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Abner L. Lewis
Member, Board of Pardons and Paroles
Austin, Texas

Dear Sir:

Opinion No. 0-7367
Re: Whether the Proclamations
issued by the Governor of
Texas are considered under
the laws of Texas to be full
pardons of the crime committed
or merely a commutation of the
sentence and fine.

We have your letter of August 21, 1946, enclosing a
file from the Naturalization Division of the U. S. Department
of Justice, El Paso, Texas, in which you say:

"In view of the fact that the request of Mr.
Wilmoth, District Director, calls for a legal
opinion, we do not care to assume the responsi-
bility of answering his request. We, therefore,
submit the same to you for an opinion in response
to the inquiry."

Attached to the file you enclosed a letter from Mr.
O. C. Wilmoth, of August 19, 1946, reading as follows:

"One Epigmenio Eduardo Porras is an applicant
for naturalization, and in connection with the in-
vestigation conducted in his case, it was ascer-
tained that he was convicted of the crime of aggra-
vated assault in the El Paso County Court at Law
on September 25, 1936, at which time he was sen-
tenced to imprisonment in the county jail for a
term of ninety (90) days, and to pay a fine of
$500.00, and court costs."

"There are transmitted herewith certified
copies of the Complaint, Information, Mandate
and original Judgment in this case, together
with certified copies of the Proclamations by
the Governor of Texas, dated April 8, 1937, and
March 15, 1944.

Honorable Abner L. Lewis - Page 2

"It will be greatly appreciated if you will
furnish this office with an opinion as to whether
the Proclamations herewith are considered under
the Texas laws to be full pardons of the crime
committed or merely commutation of the sentence
and fine?"

In Texas, criminal offenses are of two classes: felonies
or misdemeanors. An offense which may (not must) be punishable
by death or by confinement in the penitentiary is a felony; every
other offense is a misdemeanor. Art. 44, Penal Code.

Art. 1147, of the Penal Code, defines the offense of
aggravated assault, and the succeeding Article prescribes the
punishment, which is a fine, imprisonment in jail, or both fine
and jail sentence; hence the offense of aggravated assault is a
misdemeanor.

Section 2, Art. XVI, of our State Constitution provides:

"Laws shall be made to exclude from office
service on juries, and from the right of suffrage,
those who may have been, or shall hereafter be con-
victed of bribery, perjury, forgery, or other high
crimes."

Section 11, Art. IV, of our Constitution, as amended
in 1936, contains the following provision:

"In all criminal cases, except treason and
impeachment, the Governor shall have power, after
conviction, on the written signed recommendation
and advice of the Board of Pardons and Paroles,
or a majority thereof, to grant reprieves and
commutations of punishment and pardons; and under
such rules as the Legislature may prescribe, and
upon the written recommendation and advice of a
majority of the Board of Pardons and Paroles, he
shall have the power to remit fines and forfeitures.
. . ."

In Texas a person convicted of the crime of aggravated assault, a misdemeanor, suffers no loss of civil rights or privileges, and is taxed with no penalty other than the jail sentence or fine, or both, and court costs. Hence, when the two Governors of Texas respectively pardoned the jail sentence and remitted the remainder of the fines, nothing more remained to be done under our law to relieve Porras of "the consequences of conviction," for in such a case, a full or unconditional pardon would not be required to restore his civil rights because such rights were not lost by his conviction.

In his Proclamation of April 8, 1937, on the basis of a recommendation for clemency by the Board of Pardons and Paroles of that date - clemency being urged on the grounds that his five motherless children urgently needed his support - and on the recommendation of Attorneys Tom Lea and Robert L. Holliday, of the El Paso bar, Governor James V. Allred granted "unto the said E. R. Porras a Full Pardon for the Ninety Day Jail Term to which he was sentenced in the County Court of El Paso County, Texas."

Governor Coke Stevenson, in his Proclamation of March 15, 1944, seven years after Governor Allred's Pardon, likewise on the basis of a recommendation by the Board of Pardons and Paroles, and on the statement of Attorney Tom Lea, of the El Paso bar, that the "subject's conduct has been completely satisfactory and has recommended that his fine be remitted, "also granted "unto the said E. E. Porras, a Remission of the Remainder of His Fines, except costs of court."

We have carefully examined each of the aforementioned Proclamations, and have concluded that Governor Allred, in his Pardon Proclamation remitted only a portion of the punishment, the jail sentence of 90 days, and hence, issued only a partial pardon as to the whole punishment inflicted by the judgment but a full pardon as to the jail sentence. He did not commute the punishment or sentence to a lesser one, nor did he modify it or substitute another, nor attach thereto any condition precedent or subsequent.

And we have further concluded that Governor Coke Stevenson, in his Pardon Proclamation, remitted only the remainder of the fines - a part of the punishment - and hence, only a partial pardon as to the whole punishment but a full pardon as to the remainder of the fines. There was no commutation of punishment

here, no modification or substitution, nor even a condition precedent or subsequent. The Governor did not predicate the effect or validity of his pardon upon the contingency of the defendant's paying the court costs. He unqualifiedly remitted the remainder of his "fines."

In view of the foregoing, it is our opinion that the effect of the two Proclamations, considered together, constitute a full or unconditional Pardon to Porras for the offense committed, other than the court costs adjudged against him.

We are sending the file back to you in order that you may return it to Mr. Wilmoth, as he requested.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

John L. Wroe
Assistant

JLW:zd
Encl.

